UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN T. FRAZER,

    Petitioner,

v.                                                        CASE NO. 6:12-cv-786-Orl-37DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions (Doc. No. 11). Petitioner was provided an opportunity to file a reply to the response but did not do so.

Petitioner alleges one claim for relief in his petition, counsel rendered ineffective assistance by failing to consult with him about his right to appeal. As discussed hereinafter, the Court concludes that the petition is untimely and must be dismissed.

I.    *Procedural History*

Petitioner was charged by information with two counts of aggravated assault with a deadly weapon on a law enforcement officer (counts one and two) and resisting an officer without violence (count three) in case number 42-2008-CF-002852-O. Petitioner entered a plea of nolo contendere to all counts. On May 4, 2009, the trial court sentenced Petitioner to two concurrent eighteen-month terms of imprisonment for

counts one and two and to a concurrent one-year term of imprisonment for count three. The trial court also ordered Petitioner to serve concurrent terms of two years of community control for counts one and two after his release from prison to be followed by five years of supervised probation for counts one and two. Petitioner did not appeal.

On September 14, 2009, Petitioner was charged with violating community control. On November 3, 2009, a hearing on the violation of community control was conducted, and Petitioner was found guilty. The state court sentenced Petitioner to concurrent 85.95-month terms of imprisonment for counts one and two. Petitioner did not appeal.

On July 5, 2011, Petitioner filed a motion for mitigation/modification of his sentence pursuant to Florida Rule of Criminal Procedure 3.800. The state court seemingly has not ruled on the motion to date.

On January 30, 2012, Petitioner filed a petition for belated appeal in the Fifth District Court of Appeal of Florida with respect to the community control violation.[1] The Fifth District Court of Appeal dismissed the petition and subsequently denied

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that [sic] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

Petitioner's motion for rehearing on May 7, 2012.

## II. *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the instant case, Petitioner was sentenced for violating community control on November 3, 2009. Petitioner did not appeal, and his petition for belated appeal filed

3

on January 30, 2012, was dismissed. Thus, his conviction became final on December 30, 2009, thirty days after the written sentences were rendered. *See* Fla. R. App. P. 9.140(b)(3); *see also Green v. Price*, 439 F. App'x 777 (11th Cir. 2011) (holding that in assessing the timeliness of the federal habeas petition, the district court should have focused on the state court's order revoking the petitioner's probation and the date of resentencing). Thus, Petitioner had through December 30, 2010, absent any tolling, to file his § 2254 petition. The instant petition, however, was not filed until May 21, 2012. Because the one-year period of limitation expired on December 30, 2010, the habeas petition was not timely filed pursuant to § 2244(d)(1)(A).[2]

Petitioner contends that the one-year limitation began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) shortly before he filed his petition for belated appeal on January 30, 2012. In support of this argument, Petitioner asserts that he did not discover he had a constitutional right to appeal until he conducted legal research and subsequently discovered he had multiple non-frivolous grounds to appeal. (Doc. No. 1 at 15.)

---

[2]The Court is aware that Petitioner filed a Rule 3.800 motion and a petition for belated appeal; however, because the one-year period concluded before Petitioner initiated those proceedings, the tolling provision of section 2244(d)(2) does not apply to those post-conviction proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

4

The Eleventh Circuit has held that "[t]he limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually discovered." *Melson v. Allen*, 548 F. 3d 993, 999 (11th Cir. 2008). "Due diligence means the petitioner 'must show some good reason why he or she was unable to discover the facts' at an earlier date." *Id.* (quoting *In re Boshears*, 110 F. 3d 1538, 1540 (11th Cir. 1997)). "Merely alleging that an applicant 'did not actually know the facts underlying his or her claim does not pass the test.'" *Id*. (quoting *In re Boshears*, 110 F. 3d at 1540). "Instead, the inquiry focuses on 'whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are newly discovered.'" *Id*. (quoting *In re Boshears*, 110 F. 3d at 1540).

The factual predicate of Petitioner's claim, the fact that his attorney failed to consult with him about an appeal, was known by Petitioner as of the date he was sentenced, more than two years before January 2012. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance. . . . Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Moreover, even assuming the factual predicate versus the legal predicate of Petitioner's claim was unknown to him until January 2012, Petitioner has not demonstrated that he could not have uncovered the facts underlying his claim through a reasonable investigation prior to December 30, 2010. In other words, Petitioner has not established that he exercised

5

due diligence in discovering the factual predicate of his claim. Thus, 28 U.S.C. § 2244(d)(1)(D) does not serve to make the instant petition timely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

## III.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover,

6

Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 4th day of October, 2013.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 10/4
Kevin T. Frazer
Counsel of Record